THOMAS *v.* HIVELY.

(In Banc. Feb. 14, 1944. Suggestion of Error Overruled April 24, 1944.)

[16 So. (2d) 632. No. 35507.]

Brewer & Sisson, of Clarksdale, for appellant.

Roberson & Luckett, of Clarksdale, and John T. Smith, of Cleveland, for appellee.

Watson v. Holiman, supra.

Argued orally by **Ed Brewer**, for appellant, and by **Semmes Luckett**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This appeal is from a judgment for damages, and one of the appellant's assignments of error is that the court below erred in not granting his request for a directed verdict in his favor. The appellant was in business at Shelby, Mississippi, and there directed his employee, Mangalardi, to go to Memphis on an errand for him, and to use and drive his automobile for that purpose. Manga-

lardi did this, taking with him three others, Malatesta, Griffin, and Hively, the appellee. On their return from Memphis travelling south, they arrived at the place of appellee's injury in Mississippi after dark, with Mangalardi at the wheel of the automobile, the headlights of which were such as the statute requires and were burning brightly. The automobile was then travelling about 50 or 60 miles an hour. It was equipped with a radio, which was then turned on. The lights of an automobile coming from the south obscured Mangalardi's vision to the extent that he did not see a horse-drawn wagon travelling south in front of him, without lights, on his side of the road until he was about 40 feet from it. He could not then stop his automobile before reaching the wagon, and he could not pass it on the left because of the automobile coming from the south, so he checked, for the first time, the speed of his automobile and turned to the right, passed the wagon, and no harm would have resulted therefrom but for the fact that a pole (which Mangalardi had not seen) was sticking out from the wagon which went through the glass ventilator of the front door and hit Charles (Hively) who was on the back seat. The owner of the wagon has paid the appellee $5,000, and has received from the appellee a covenant not to sue him. This action is to recover from the appellant the remainder of the damage sustained by the appellee.

In support of the refusal of the court below to grant the appellant's request for a directed verdict, counsel for the appellee say: (1) the appellee was the appellant's guest at the time of the injury and that the negligence of Mangalardi, the appellant's servant, contributed to his being injured by the pole sticking out from the wagon; and (2) that if the appellee was not a guest of the appellant, the negligence of his servant, Mangalardi, which contributed to his injury, was wilful and wanton, and therefore the appellant is liable therefor. Without pausing to analyze the evidence, which speaks for itself, we will say that a jury would be warranted in finding there-

from that Mangalardi was guilty of simple, but not of wilful and wanton, negligence in the driving of the automobile at the time of appellee's injury. This disposes of the second of appellee's contentions, and relieves us of the necessity of determining what appellant's liability vel non would be had Mangalardi been guilty of wilful and wanton negligence.

Was the appellee a guest or invitee of the appellant? He was if, but not unless, when he was invited by Mangalardi to accompany him to Memphis, Mangalardi was acting for and on behalf of the appellant with authority, express or implied, from the appellant so to do. The evidence as to this is as follows:

Mangalardi testified that when the appellant directed him to go to Memphis "He asked me did I know anybody wanted to go to Memphis. I told him, no, I didn't, but I could find somebody, and I went and got a couple of boys to go with me." These boys were Paul Malatesta and Lester Griffin. When asked if he started to Memphis immediately after picking up Malatesta and Griffin he answered "No, sir, we went by Mr. Thomas' office, told him I was ready to go; I told him then I was ready to go." He did not say whether he told the appellant whom he had with him in the automobile. After leaving the appellant and beginning his journey to Memphis, Mangalardi saw the appellee, a friend of his, stopped his automobile, and invited him to go to Memphis with him, which invitation the appellee accepted. The appellant denied that he told Mangalardi to find somebody to go to Memphis with him, or that he knew Mangalardi was taking anybody with him. He said, however, that had he been asked he would not have objected to Mangalardi's taking one person with him.

Malatesta and Griffin may have been guests of the appellant under Mangalardi's testimony, as to which we express no opinion, but the appellee clearly was not. Assuming Mangalardi's testimony to be true, when in obedience to the appellant's instruction to find some one

to go to Memphis with him, he induced Malatesta and Griffin to do so and reported to the appellant that he was ready to go, his authority to invite other persons to accompany him to Memphis as a guest of the appellant was at an end; consequently when the appellee accepted Mangalardi's invitation to accompany him to Memphis, he became his and not the appellant's guest. The appellant's request for a directed verdict should have been granted.

Reversed and judgment here for the appellant.